**Darryl JOHNSON, Plaintiff–Appellant,**

v.

**BRUZUNETTI, Defendant–Appellee.**

**No. 13–15497.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 27, 2014.

Darryl Johnson, Vacaville, CA, pro se.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Darryl Johnson appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations of his due process rights arising from the loss of his property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir.2007). We affirm.

The district court properly dismissed Johnson's action because Johnson had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d

393 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."); *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir.1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

